## No. 14,111.

SOUTH CANON, AN INCORPORATED TOWN *v.* FAIRES.
(66 P. [2d] 1275)

Decided April 5, 1937.

Mr. ORION W. LOCKE, for plaintiff in error.

Mr. T. LEE WITCHER, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as the town and Faires.

Faires was tried for the violation of an ordinance and acquitted by a jury. To review the judgment thereupon entered the town brings error and asks that the writ be made a supersedeas. Of the seven assignments the first four go to three instructions and the fifth to the sufficiency of the evidence. The sixth and seventh are. bad.

The ordinance in question reads: "No vehicle shall pass, or attempt to pass, any other vehicle proceeding in the same direction at any street intersection of said town." It was charged that Faires attempted to pass. The evidence discloses that he failed because of a collision with the car of one Ivey. Faires was first tried in police magistrate's court which found against him and fined him $6.00. On appeal to the county court and trial de novo he was acquitted.

Instructions 3, 4, and 5, covered by the assignments, treat the cause as one between Faires and Ivey and purport to advise the jury on the law of contributory negligence. It is thereby told that if plaintiff (the town) was guilty of contributory negligence it "cannot recover"; and that if defendant was guilty of contributory negligence he "cannot recover." Ivey was no party to this suit. No question of negligence of any kind is involved.

It is undisputed that Ivey was traveling at twenty to twenty-five miles per hour and Faires following at approximately twenty-five miles per hour. The testimony of Faires and his witnesses is in accord that when the cars were one hundred feet from the intersection, with a space of twenty feet between them, Faires started to pass. A little mathematical computation will disclose that if both continued in the same direction approximately three seconds would elapse before they were in the intersection. Why an attempt to pass at the intersection is not thus

established by defendant's own case we are unable to figure out. However, the instructions referred to were clearly erroneous and clearly prejudicial.

Should this case be retried it appears pertinent to observe that neither Ivey's interference, if any, with Faires before reaching the intersection, nor the failure of either to make signs at the intersection, nor due care, nor lack of it in attempting to pass at the intersection, have any place in evidence or instructions. The simple question is, Did Faires attempt to pass?

The judgment is reversed and the cause remanded for further proceedings in harmony herewith.

Mr. Justice Knous and Mr. Justice Holland concur.